| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:10-cr-00186-JAW |
| | ) | |
| DOMINGOS NOBREGA | ) | |

## ORDER ON MOTION FOR ORDER FOR PRESENTENCE STUDY AND REPORT AND PSYCHIATRIC OR PSYCHOLOGICAL REPORT BY BUREAU OF PRISONS

Over the Defendant's objection, the Government seeks an order for a presentence psychological examination of the Defendant prior to the issuance of the Presentence Investigation Report (PSR). The Court declines to mandate the examination at this time but will revisit the issue upon the PSR's completion.

## I.    STATEMENT OF FACTS

On May 24, 2011, Domingos Nobrega was convicted by a jury of being a felon in possession of a firearm and ammunition. Directly after the verdict, the Government orally moved for an order for a presentence psychiatric or psychological evaluation of Mr. Nobrega based on his actions before, during and after the commission of the crime. (Docket # 96). The Court asked the Government to make the motion in writing and on May 31, 2011, the Government did so. *Mot. for Order for Presentence Study and Report and Psychiatric or Psychological Examination and Report by Bureau of Prisons* (Docket # 103) (*Gov't Mot.*). On July 28, 2011, Mr.

Nobrega objected to the Government's motion.[1]  *Def.'s Mem. in Opp'n to Gov't's Mot. for Presentence Study and Report and Psychiatric or Psychological Examination and Report by Bureau of Prisons* (Docket # 132) (*Def.'s Opp'n*).  On August 2, 2011, the Government replied.  *Gov't's Reply to Def.'s Mem. in Opp'n to Gov't's Mot. for Order for Presentence Study and Report and Psychiatric or Psychological Examination and Report* (Docket # 134) (*Gov't's Reply*).

## A.   The Government's Position

Citing a number of exhibits containing instant message chats with Eric Babilonia, letters Mr. Nobrega wrote to Norella Meerzon, claims Mr. Nobrega apparently made about his service in the United States Marine Corps (of which the Government says he was never a member), and photographs of Mr. Nobrega in military-style gear, and citing his actions in this case, the Government contends that a presentence psychological examination would be appropriate under 18 U.S.C. § 3552(c) to assist the Court in imposing the correct sentence, in recommending correctional treatment, and in imposing conditions of supervised release on Mr. Nobrega.  *Gov't's Mot.* at 2-3, 5.

---

[1] Mr. Nobrega's response was delayed by his request for appointment of new counsel.  On June 1, 2011, he filed a pro se motion for a new defense lawyer and after a non-evidentiary hearing on June 10, 2011, the Court granted the motion to withdraw and appointed his current defense attorney, subject to the attorney's acquiescence.  *Mot. of Dismissal of Counsel & Appointment* (Docket # 117); *Order* (Docket # 119); *Notice* (Docket # 120).  On June 29, 2011, Mr. Nobrega's defense counsel moved to extend time within which to respond to the motion for psychiatric examination for thirty days.  *Def.'s Mot. to Enlarge the Time Within Which to Resp. to the Gov't's Mot. for Forensic Eval.* (Docket # 123).  On June 29, 2011, the Court granted the motion and the response was due on July 21, 2011.  *Order* (Docket # 124).  The deadline slipped by, however, and on July 28, 2011, Mr. Nobrega filed a motion to extend time for response and a response.  *Def.'s Second Mot. to Enlarge the Time Within Which to Resp. to the Gov't's Mot. for Forensic Eval.* (Docket # 131); *Def.'s Mem. in Opp'n to Gov't's Mot. for Presentence Study and Report or Psychological Exam. and Report* (Docket # 132).  On July 28, 2011, the Court granted the motion to extend and the Defendant's opposition was duly filed.  *Order* (Docket # 133).

## B.    Domingos Nobrega's Objection

Mr. Nobrega objects mostly because he contends that the Government's motion is premature.  *Def.'s Opp'n* at 1-4.  Mr. Nobrega argues that the Court should not order a psychological examination until after it has received a presentence report so that the Court can determine, upon reviewing that report, "whether the Court is in need of such further and specific information." *Id.* at 3.  He also explains that review of existing information is preferable to being "uprooted and transferred from his present location" to a Bureau of Prisons facility for examination[2] *Id.* at 3-4.

## C.    The Government's Reply

The Government replies that a pre-PSR examination is warranted because the study, which "can take up to 60 days or more" could be conducted during the approximately 90 days it takes to prepare the PSR.  *Gov't's Reply* at 1-2.  In the Government's view, its recommended schedule would prevent unnecessary delay. The Government also explains that "[t]he typical presentence report is not well suited to discovery of historical and mental health issues." *Id.* at 2.  Finally, the Government argues that "a study and report pursuant to 18 U.S.C. 3552(c) is the only mechanism available for the Court to obtain more information than is otherwise available to determine the Defendant's mental condition." *Id.*  It justifies

---

[2] Although it is not clearly stated, one subtext may be that, if a psychological examination is going to be performed, Mr. Nobrega prefers a brief local examination to determine whether he has a psychological condition, rather than a more intensive examination by the BOP.  Subsection b expresses a preference for a study in the local community.  § 3552(b).  But his main point is that a § 3552 psychological study is premature and unwarranted.

the request, highlighting the "Defendant's conduct on and around the time of the offense of conviction and his writings since the time of his arrest." *Id.* at 2-3.

## II.    DISCUSSION

The Court gains its authority to order a presentence psychological examination and report from 18 U.S.C. § 3552(c):

> (c) Presentence examination and report by psychiatric or psychological examiners. If the court, before or after its receipt of a report specified in subsection (a) or (b) desires more information than is otherwise available to it as a basis for determining the mental condition of the defendant, the court may order the same psychiatric or psychological examination and report thereon as may be ordered under section 4244(b) of this title.

A straightforward reading of § 3552(c) compels the conclusion that Mr. Nobrega is wrong in arguing that the Court must await the issuance of the PSR before ordering a presentence psychological evaluation. The statute expressly states that the Court may order a psychological study "<u>before</u> or after its receipt of a report specified in subsection (a) or (b)." 18 U.S.C. § 3552(c). (emphasis supplied). Since the report specified in subsection (a) and (b) is a PSR, the statute allows a court to order a psychological evaluation before its receipt of the Report. Further, the Government has presented the Court with a compelling case for an immediate psychological evaluation.

What's more, the Court has qualms about whether delaying a psychological evaluation is in Mr. Nobrega's best interest. The period between conviction and sentence is a stressful and unproductive time for most defendants, and usually the sooner the imposition of sentence, the better. Further, it may well be that once the Court receives the PSR, it will order a psychological evaluation so to delay the

examination is only to delay the inevitable. Moreover, a psychological evaluation of Mr. Nobrega may deepen the Court's understanding of who he is and what he has done so that the Court may impose a fair and just sentence. Finally, as the Government points out, if a psychological study is to be performed, it would be more efficient to perform it while the Probation Office is completing its presentence investigation, not after.

But as Mr. Nobrega objects to the timing of a psychological examination and argues that a decision should be made only after the PSR, the Court will reluctantly accede to his wishes. The Court's primary concern is that to obtain a valid psychological report, it will be helpful to have Mr. Nobrega's cooperation, and if the Court orders Mr. Nobrega to undergo psychological testing against his will, the results may not be as valid and productive as if he cooperates. There is, of course, no guarantee that Mr. Nobrega will cooperate with a later examination and the Court may end up issuing a § 3552(c) Order over his objection in any event. Even so, it seems wiser to wait, obtain the PSR, and re-open the issue at that point to determine whether a psychological examination is still in order. If it turns out to be necessary, the Court hopes that by then Mr. Nobrega will have reconciled himself to its desirability.

## III.    CONCLUSION

The Court DISMISSES without prejudice the Government's Motion for Order for Presentence Study and Report and Psychiatric or Psychological Examination and Report by Bureau of Prisons (Docket # 103). The Court will hold a conference with counsel once the PSR has been completed to discuss whether a psychological

examination and report would be advisable and, if so, the terms and conditions of any § 3552(c) Order.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2011