UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DOMINGOS NOBREGA, | ) |
| Movant, | ) ) ) |
| v. | ) ) No. 1:10-cr-00186-JAW |
| UNITED STATES, | ) ) ) ) |
| Respondent | ) ) |

**RECOMMENDED DECISION ON RULE 60(b) MOTION AND MOTION TO CONSTRUE RULE 60(b) MOTION AS A 28 U.S.C. § 2255 MOTION**

An appeal of the underlying criminal judgment in this case is currently pending before the First Circuit Court of Appeals.[1] After filing the notice of appeal, Nobrega filed the two motions now pending in this court. The first of these seeks relief from a final judgment, citing Fed R. Civ. P. 60. (ECF No. 259.) The second asks the court to consider the first as a motion pursuant to 28 U.S.C. § 2255. (ECF No. 262.) I will grant Nobrega's second motion, and treat his original filing as a motion brought pursuant to section 2255.[2] In other words, Nobrega seeks to initiate a collateral review pursuant to section 2255 at the same time as his direct appeal of the criminal judgment is pending. Nobrega recognizes that in order for the District Court to determine that it has jurisdiction to consider a section 2255 motion while a direct appeal is pending, the court must make a finding of exceptional circumstances, and he asks the court to

---

[1] The notice of appeal was filed in the District Court on July 25, 2012 (ECF No. 232), and the appeal is docketed in the First Circuit Court of Appeals at Docket No. 12-1924.
[2] In any event Rule 60(b) of the Federal Rules of *Civil* Procedure has no applicability to a challenge to the underlying criminal judgment. Rule 60(b) only comes into play if the challenge is to a prior non-merits based judgment in a section 2255 motion. Gonzalez v. Crosby, 545 U.S. 524, 533-34, 538 (2005).

make the requisite finding. I recommend that the court find that exceptional circumstances are lacking and dismiss the section 2255 motion without prejudice.

## Discussion

"As a general rule with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal." United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987); see also United States v. Weekes, 611 F.3d 68, 71-72 (1st Cir. 2010); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam).

> Though judicially spawned, not legislatively ordained, this rule has sturdy roots. It derives from the notion that shared jurisdiction almost always portends a potential for conflict and confusion . . . . Allowing more than one court to take charge of a case at any given moment often disserves the interests of comity and judicial economy.

United States v. Brooks, 145 F.3d 446, 455-56 (1st Cir. 1998) (citations omitted); see also Shewchun v. United States, 797 F.2d 941, 942-43 (11th Cir. 1986) ("The rule serves two important interests: judicial economy, for it spares the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals; and considerations of fairness to parties who might otherwise be forced, as a matter of tactics, to fight a 'two front war' for no good reason.")

The First Circuit has "recognized limited exceptions to this judge-made rule." United States v. Torres-Oliveras, 583 F.3d 37, 44 (1st Cir. 2009) (citing 16A Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Catherine T. Struve, Federal Practice and Procedure § 3949.1 (4th ed. 2009); United States v. Ortega, 859 F.2d 327, 334-35 (5th Cir. 1988)). However, this

case does not present any of the extraordinary circumstances described in either Torres-Oliveras, 583 F.3d at 44, or Federal Practice and Procedure section 3949.1.  On the contrary, this is exactly the type of case in which it is appropriate to determine that jurisdiction is lacking; although Nobrega's brief in the direct appeal has not yet been filed, he may very well identify and argue issues in his direct appeal that he includes in the pending motions.  Some of the issues he has identified in the pending motions must be addressed, if at all, in a direct appeal rather than by collateral review.  I recommend that the dismissal of Nobrega's section 2255 motion be without prejudice so that he may still file a section 2255 motion in this court once the appeal has concluded.  See Weekes, 611 F.3d at 71-72; United States v. Diaz-Martinez, 71 F.3d 946, 953 (1st Cir. 1995).

## Conclusion

For the reasons stated above, I recommend that the Court dismiss without prejudice Nobrega's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
October 18, 2013                                          U.S. Magistrate Judge