UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:10-cr-00186-JAW |
| | ) | |
| DOMINGÓS NÓBREGA | ) | |

**ORDER ON DEFENDANT'S MOTION CONCERNING
THE WARDEN'S MAIL PRACTICES**

On August 25, 2016, the Clerk of Court received a letter from Domingós Nóbrega placing the court reporter and the Court "on notice" that "[t]he facility this Court is holding me hostage in is violating lawyer and Court, Client Confidentiality law rule." *Letter from Sir Dom Nóbrega* (ECF No. 355) (*Letter*). Mr. Nóbrega explains that the Federal Correctional Institution where he is now being held is "holding all my legal mail from this Court for a week or more, and opening my mail before giv[ing] it to me." *Id.* Mr. Nóbrega says that he filed a grievance about this issue and has been given no answer except "we don't care." *Id.* Mr. Nóbrega writes that he has spoken to the Warden about this issue and the problem "has not improved." *Id.* at 2. He asks the Court to contact "the O.I.G. or the Warden here and tell the Warden to stop opening my legal mail from the Courts and the D.O.J. outside my presen[ce]." *Id.*

The Court has ordered the Clerk's Office to docket Mr. Nóbrega's letter as a motion for judicial intervention. *Mot. for Judicial Intervention* (ECF No. 356). Under the Prison Litigation Reform Act, the Court may not intervene at this time in Mr.

Nóbrega's dispute with the Warden.  *See Hargrove v. Drew*, No. 4:09-774-RBH, 2010 U.S. Dist. LEXIS 132856, at *3–12 (D.S.C. Dec. 15, 2010).  42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Therefore, the Court may not intervene in the pending BOP grievance.

With that said, the Court observes that Mr. Nóbrega enclosed an envelope from the Clerk of Court of this Court, which is stamped on the outside:

> SPECIAL MAIL – Open only in the presence of the inmate.  LEGAL MATERIAL ENCLOSED.

*Letter* Attach. 1, *Envelope Face* at 1.  The words "NO NAME" are written on the outside of the envelope in large black letters, and an arrow points to stamped red letters that read "Does Not Qualify For Special Handling."  *Id.*

The Court addressed a similar issue in *Widi v. McNeil*, No. 2:12-cv-0188-JAW, 2014 U.S. Dist. LEXIS 47496 (D. Me. Apr. 7, 2014).  In that decision, the Court wrote:

> The BOP regulation provides the following handling procedures for "special mail":
>
>> The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail. The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked "Special Mail-- Open only in the presence of the inmate".
>
> 28 C.F.R. § 540.18(a).  The regulation requires that the "sender" be "adequately identified on the envelope." The FCI Berlin staff apparently interpret this regulation to mean that "Office of the Clerk, United States District Court, 202 Harlow St., Rm. 357, Bangor, Maine 04401," . . . does not "adequately identif[y]" the sender of the mail.

2

> The Court has substantial concerns about the FCI Berlin interpretation of this regulation. The view that "sender" must mean a particular person and not the Clerk's Office seems unduly picky. The Court views it as inadvisable for BOP to require that employees of the Clerk's Office, some of whom are female, to identify their names to inmates, some of whom are sex offenders. There is also a risk that some inmates may attempt to strike up a correspondence with the named sender. Moreover, once given a name, some inmates may erroneously associate the contents of the envelope with the sender. In addition, even if these inmates do not represent a threat to the clerks, the clerks are performing a valuable public service and merit the protection of anonymity. Finally, it appears that this interpretation of the BOP regulation may be unique to Berlin FCI.

*Id.* n. 1. It appears that FCI Berlin is not alone within the BOP in requiring that mail from the Office of the Clerk of Court state the name of the actual sender. FCI Yazoo City is interpreting the regulation the same way.

To avoid this controversy, the Court has requested that the Clerk of Court for the District of Maine place the name of the Clerk of Court above the return address of the Office of the Clerk in an effort to make certain that mail from the Court to Mr. Nóbrega is treated as special mail under 28 C.F.R. § 540.18(a).

The Court DISMISSES Domingós Nóbrega's Motion for Judicial Intervention without prejudice. (ECF No. 356).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2016