UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOMINGOS NOBREGA, )<br>a/k/a Shawn Alan Nobrega, )<br>  )<br>Petitioner )<br>  )<br>v. )<br>  )<br>  )<br>UNITED STATES OF AMERICA, )<br>  )<br>Respondent ) | 1:10-cr-00186-JAW<br>1:15-cv-00134-JAW |

**ORDER GRANTING REQUEST FOR STAY**

This matter is before the Court on Respondent's request to stay one of the several claims asserted in Petitioner's 28 U.S.C. § 2255 motion.[1] (ECF No. 361 at 12.) One issue in this case is whether the United States Supreme Court's decision in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), applies retroactively to cases in which a criminal defendant challenges collaterally a sentence imposed in accordance with the United States Sentencing Guidelines. The issue is the subject of an appeal before the Supreme Court in

---

[1] Petitioner states that he filed his 28 U.S.C. § 2255 motion in March 2015; in the motion, he alleged several claims. (Motion, ECF No. 287.) In May 2016, he submitted an additional claim under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). (ECF Nos. 335, 336.) The Government requested a stay, pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. (Motion, ECF No. 343.) The Court granted the stay, but permitted Petitioner to request relief from the stay if he believed he would be entitled to immediate release if the Supreme Court's decision in *Johnson* applied retroactively to collateral challenges to sentences imposed pursuant to the Sentencing Guidelines. (Order, ECF No. 346.) Petitioner requested relief from the stay. (Motion, ECF No. 347.) The Court lifted the stay to permit briefing on the *Johnson* issue. (Order, ECF No. 358.) The Government filed a response, and Petitioner replied. (Response, ECF No. 361; Reply, ECF Nos. 364, 366.) As part of its response, the Government asked the Court to reinstate the stay. (Response at 12.)

*Beckles v. United States*, No. 15-8544. The Supreme Court held oral argument in the matter on November 28, 2016.

In support of its request for a further stay, Respondent contends that even if *Johnson* applies retroactively to collateral challenges to sentences imposed pursuant to the Sentencing Guidelines, and even if Petitioner's challenge to the sentence is successful, given the applicable Guidelines sentencing range, Petitioner would not be entitled to immediate release. Respondent, therefore, argues that the matter should be stayed until the Supreme Court, in *Beckles*, decides the threshold issue of the applicability of *Johnson* to a Guidelines sentence.

The District Court has discretion to grant a temporary stay. *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009). "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Id.*

A review of the record in this case suggests that a stay of Petitioner's *Johnson* claim is appropriate. Because the Supreme Court presumably will decide in its current term whether *Johnson* applies to a Guidelines sentence, and because the time Petitioner has served to date does not exceed the minimum sentence within the apparent Guidelines range even if Petitioner is successful on what appears to be his strongest argument in support of a *Johnson* claim, Petitioner will not be prejudiced if the matter is stayed for a relatively

short time to permit the Supreme Court to decide *Beckles*.[2]  In addition, because the Supreme Court could soon resolve the threshold issue on Petitioner's *Johnson* claim, judicial economy militates in favor of a stay.  The Court, therefore, grants Respondent's request and stays Petitioner's *Johnson* claim until further order of the Court or until the Supreme Court decides the appeal in *Beckles*, whichever date is earlier.  If for some reason the Supreme Court does not decide *Beckles* during its current term, the Court will consider whether the stay should continue.  The stay is limited to Petitioner's *Johnson* claim, and does not apply to Petitioner's other claims.

## NOTICE

Any objections to this Order shall be filed in accordance with Fed. R. Crim. P. 59 and Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of January, 2017.

---

[2] Although the Government argues that a successful challenge would likely not alter the sentence (Response at 12), a review of the parties' submissions reveals that, depending on the Supreme Court's decision in *Beckles*, Petitioner might have a *Johnson* claim as to the prior Virginia conviction at issue.  If Petitioner were to succeed on the *Johnson* claim, and if there are no other changes at a re-sentencing, the applicable Guidelines range would appear to start at 84 months.  The record suggests Petitioner has served approximately 74 months to date.  Accordingly, Petitioner would not be prejudiced by a modest stay until the Supreme Court decides *Beckles*.