UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOMINGOS NOBREGA, )
a/k/a Shawn Alan Nobrega, )
 )
 Petitioner )
 )
 v. )  1:10-cr-00186-JAW
 )  1:15-cv-00134-JAW
 )
UNITED STATES OF AMERICA, )
 )
 Respondent )

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Domingos Nobrega, also known as Shawn Alan Nobrega,

moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion,

ECF No. 287.) Following a jury trial in May 2011, Petitioner was convicted of being a

felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Judgment,

ECF No. 228 at 1-2; Jury Verdict, ECF No. 98.) The Court sentenced him to 120 months

in prison, the statutory maximum, based in part on the Court's finding that Petitioner's

armed standoff with law enforcement posed an extreme risk to both police and the public.

(Sentencing Tr., ECF No. 245 at 118.) The First Circuit upheld the conviction and sentence

on appeal. *United States v. Nobrega*, No. 12-1924 (1st Cir. May 20, 2014).

In Petitioner's section 2255 motion, he asserts claims of ineffective assistance of

both trial counsel and sentencing counsel. Several of the claims relate to issues Petitioner

raised previously regarding the testimony of a particular grand jury witness. Petitioner also

contends that trial counsel failed adequately to challenge the indictment and certain trial

testimony, and that trial counsel failed to introduce certain evidence. Petitioner also alleges prosecutorial misconduct. Petitioner argues that sentencing counsel failed adequately to object to the offense level under the sentencing guidelines, to Petitioner's criminal history, and to facts asserted in the presentence investigation report.

In May 2016, Petitioner submitted a supplemental filing to challenge the sentence on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF Nos. 335, 336.) The Court has ordered a stay of the *Johnson* claim only, pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. This recommended decision addresses Petitioner's other claims.

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend that the Court dismiss all of Petitioner's claims except for the *Johnson* claim, which has been stayed pending *Beckles*.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Petitioner was indicted in November 2010 for being a felon in possession of a firearm. (Indictment, ECF No. 16.) The indictment alleged that from October 23, 2010, to October 24, 2010, Petitioner possessed a Glock 9mm handgun, after he had been convicted of the following two felonies: (1) assault with a deadly weapon on a Government officer in North Carolina; and (2) assault and battery on a police officer in Virginia. (*Id.*)

Following a two-day trial in May 2011, a jury found Petitioner guilty. (Trial Tr. I, II, ECF Nos. 136, 137; Jury Verdict; Judgment at 1.) At sentencing in July 2012, the Court found that Petitioner had waived his right to review the revised presentence investigation

2

report, and the Court accepted the report for purposes of sentencing. (Sentencing Tr. at 11.)

The Court determined the guidelines range to be 120 months, based on a base offense level of 26, a criminal history category of VI, and a statutory maximum of 120 months. (*Id.* at 61.) The Court declined to impose an enhancement for obstruction of justice. (*Id.*) The Court considered all of the sentencing factors, particularly the history and characteristics of Petitioner and the nature and circumstances of the offense, pursuant to 18 U.S.C. § 3553(a). (*Id.* at 111-12.) The Court noted that Petitioner's criminal history was significant because it included two prior violent felonies, and because the firearms possession offense for which Petitioner was being sentenced posed an extreme danger to police and the public. (*Id.* at 111, 118.) The Court also observed that the events that led to the arrest, including threats to use a weapon and a lengthy resistance to law enforcement, raised significant concern about Petitioner's tendency toward violence. (*Id.* at 113, 118.) The Court imposed a term of three years of supervised release to follow the 120-month prison term. (*Id.* at 119; Judgment at 2-3.)

Acting pro se, Petitioner appealed from the conviction and sentence, and the First Circuit affirmed.[1] *United States v. Nobrega*, No. 12-1924 (1st Cir. May 20, 2014). As part of his appeal, Petitioner raised a Confrontation Clause argument. The Court rejected the argument and held: (1) Petitioner waived a Confrontation Clause challenge to the indictment because the argument was not raised before trial; (2) Petitioner's rights were

---

[1] The First Circuit noted in its decision on appeal that Petitioner waived his right to counsel on appeal. *United States v. Nobrega*, No. 12-1924 (1st Cir. May 20, 2014).

not violated at trial, because the record revealed that no out-of-court statement of the grand jury witness at issue had been admitted at trial, and the limited references by witnesses at trial to conversations with the grand jury witness did not communicate the contents of statements the grand jury witness made to police, *id.* (citing *United States v. Meises*, 645 F.3d 5, 22 n.25 (1st Cir. 2011)); and (3) Petitioner's challenge to the sentence based on the Confrontation Clause failed because Confrontation Clause rights do not apply at sentencing, *id.* (citing *United States v. Díaz-Arias*, 717 F.3d 1, 27 (1st Cir. 2013)).

The First Circuit further held that the record did not support Petitioner's claim of vindictive prosecution; that the evidence was sufficient to support the verdict; and that the trial court did not abuse its discretion when it overruled Petitioner's objection to the admission in evidence, pursuant to Fed. R. Evid. 403, of a "no trespassing" sign.  *Id.* Finally, the First Circuit affirmed the sentence on the basis that, contrary to Petitioner's argument, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), did not apply because there was no statutory minimum sentence that applied to the offense of conviction.  *Id.*

In June 2014, Petitioner filed a petition for a writ of certiorari.  (*Nobrega v. United States*, No. 13-10581, Supreme Court docket sheet.)  The Supreme Court denied certiorari on October 6, 2014.  *Nobrega v. United States*, 135 S. Ct. 139 (2014).

Petitioner also filed several post-judgment motions.[2]  In its July 2014 order on Petitioner's motions for a new trial and sentencing, and in its December 2015 order on

---

[2] In one of Petitioner's post-judgment motions, he requested relief under Fed. R. Civ. P. 60(b), and he later filed a motion asking that the Court construe his Rule 60(b) motion as a motion pursuant to 28 U.S.C. § 2255.  (Motions, ECF Nos. 259, 262.)  The Court granted Petitioner's request to construe the filing as a section 2255 motion, but it dismissed the section 2255 motion without prejudice so that Petitioner could file a section 2255 motion after the appeal was decided.  (Recommended Decision, ECF No. 267; Order

Petitioner's grand jury motions, the Court decided many of the same underlying issues Petitioner raises in his section 2255 claims.[3]  (Order, ECF No. 281 at 8-13; Order, ECF No. 320 at 5-13.)  Because the orders are all but dispositive of the related claims contained in Petitioner's section 2255 motion, the relevant findings and conclusions contained in the orders are described in some detail as part of the procedural history of the case.

In its order on Petitioner's motions for a new trial and new sentencing, the Court (1) noted Petitioner's allegations that the grand jury witness had framed him, and that she had a financial incentive to do so; (2) discussed Petitioner's Confrontation Clause argument and noted that Petitioner did not succeed on the argument on appeal; (3) accepted the representations of lawyers for Petitioner and the Government that the grand jury witness would have invoked her Fifth Amendment right to remain silent, had she been called to testify at trial; and (4) concluded that, even if the grand jury witness had been prosecuted, which was a decision over which the Court had no authority, the prosecution of the witness would not have exonerated Petitioner.  (Order, ECF No. 281 at 8-13.)

In February 2015, Petitioner filed a motion to compel the disclosure of grand jury material.  (Motion, ECF No. 283.)  In its decision on the motion, the Court explained that Petitioner asserted he needed the material (1) to prove his claim of ineffective assistance

---

Affirming, ECF No. 270.)  Because the Court dismissed without prejudice Petitioner's prior section 2255 filing, the pending motion is not subject to the gatekeeping provisions of 28 U.S.C. § 2255(h).

[3] Although Petitioner's June 2014 petition for certiorari was pending when this Court decided the motions for a new trial and new sentencing, the Court had jurisdiction to decide the motions.  *See United States ex rel. Escobar v. Universal Health Services, Inc.*, 842 F.3d 103, 106 n.1 (1st Cir. 2016) (noting that "the mere act of filing a petition for certiorari does not deprive the district court of jurisdiction over the case").  In its decision on the motions, the Court concluded that Petitioner's arguments were procedurally barred and untimely, but the Court nevertheless also addressed the merits.  (Order, ECF No. 281 at 6.)

for failure to subpoena the grand jury witness at trial; and (2) to demonstrate prosecutorial misconduct on the basis that the Government permitted the witness to testify falsely before the grand jury.  (Order, ECF No. 320 at 2, 5-6.)

The Court, after an *in camera* review of the grand jury transcript, denied the motion because the testimony of the grand jury witness was consistent with the testimony of other witnesses and with exhibits at trial, and thus Petitioner failed to demonstrate the "compelling necessity," *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958), or "particularized need," *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222-23 (1979), required for production of a grand jury transcript.  (Order at 3, 8.)  The Court concluded Petitioner was not entitled to the transcript for the additional reason that he was "really seeking to nullify the indictment itself," which "he may not do, particularly after a trial jury has found him guilty beyond a reasonable doubt of the charge that the grand jury found was supported by probable cause."  (*Id.*)  (citing *Costello v. United States*, 350 U.S. 359, 359-63 (1956) (holding that as long as the grand jury is legally constituted and unbiased, a defendant may not challenge an indictment on the basis of inadequate or incompetent evidence)).  The Court also determined that because the grand jury witness did not testify at trial, the Jencks Act, 18 U.S.C. § 3500, did not apply.  (Order at 9.)

On Petitioner's argument that he needed the grand jury material to support a claim of ineffective assistance of counsel in the grand jury proceedings, the Court found that trial counsel, consistent with *United States v. Mandujano*, 425 U.S. 564, 581 (1976), was not

present in the grand jury proceedings.[4]  (Order at 9-10.)  The Court also concluded that, had the grand jury witness been prosecuted, and had she testified at Petitioner's trial, the testimony would not have been a defense to the criminal charge against Petitioner.  (*Id.* at 11.)  Based on *United States v. Johnson*, 488 F.2d 1206, 1211 (1st Cir. 1973), the Court rejected Petitioner's argument that counsel should have forced the witness to take the stand and assert the Fifth Amendment, and then should have impeached the witness with her grand jury testimony.  (*Id.* at 12-13.)

In Ground One of the section 2255 motion, Petitioner contends that he received ineffective assistance from trial counsel (1) for shortcomings in connection with the grand jury witness, particularly for the failure to investigate and challenge alleged false statements of the grand jury witness during the grand jury process; for the failure to challenge the indictment on grounds that the grand jury witness's false testimony established there was insufficient evidence to support probable cause; for filing a motion, without Petitioner's knowledge and consent, to inquire whether the grand jury witness would invoke her Fifth Amendment right against self-incrimination; and for the failure to subpoena the grand jury witness to testify at trial; (2) for failure to challenge evidence of possession outside the period alleged in the indictment; (3) for the failure to challenge

---

[4] In *United States v. Mandujano*, 425 U.S. 564 (1976), the Supreme Court held:

> Respondent was also informed that if he desired he could have the assistance of counsel, but that counsel could not be inside the grand jury room. That statement was plainly a correct recital of the law. No criminal proceedings had been instituted against respondent, hence the Sixth Amendment right to counsel had not come into play.

425 U.S. at 581 (citing *Kirby v. Illinois*, 406 U.S. 682 (1972)).

probable cause and trial evidence of the appearance of the gun and the lack of fingerprints on the gun; (4) for the failure to exclude evidence of an emergency telephone call trace record; and (5) for the failure to obtain character witnesses to testify on behalf of Petitioner. (Motion at 4-8; Attachment, ECF No. 288 at 4, 20.)  Petitioner also alleges prosecutorial misconduct related to evidence of Petitioner's possession of the gun at issue (Motion at 8; Reply, ECF No. 316 at 27), and related to statements law enforcement made to obtain a telephone trace record.  (Attachment, ECF No. 288 at 4, 20; Reply at 20.)

In Ground Two of the section 2255 motion, Petitioner contends that he received ineffective assistance of sentencing counsel for (1) the failure to object to the base offense level, and the failure to subpoena the grand jury witness to testify to facts relevant to the base offense level; (2) the failure to challenge inaccuracies in the presentence investigation report regarding Petitioner's criminal history; and (3) the failure to object to inaccuracies in the presentence investigation report regarding Petitioner's background.[5]  (Motion at 11-13.)

## II.   DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United

---

[5] It is not clear whether in Ground Three of the 28 U.S.C. § 2255 motion, Petitioner intends to assert a claim of ineffective assistance of appellate counsel.  (Motion, ECF No. 287 at 16.)  Petitioner had no counsel on appeal, as Petitioner waived his right to counsel on appeal.  *United States v. Nobrega*, No. 12-1924 (1st Cir. May 20, 2014).  To the extent Petitioner asserts a claim of ineffective assistance of appellate counsel, the claim is unfounded.

States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief.  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal.  *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion."  *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (quotation marks omitted).

"[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence."  *Berthoff*, 308 F.3d at 127-28.  Procedural default is an affirmative defense.  *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010).  The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676,

683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default, but only if the petitioner demonstrates both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the petitioner's defense. *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *Owens v. United States*, 483 F.3d 48, 63 (1st Cir. 2007). The "cause" test is "a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense.'" *Moreno-Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012) (quoting *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994)). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

That counsel's strategy may have proven unsuccessful does not in itself render counsel's performance deficient. *Id.* at 699 (concluding that "there can be little question, even without application of the presumption of adequate performance, that trial counsel's defense, though unsuccessful, was the result of reasonable professional judgment").

A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the

claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)). In determining whether an evidentiary hearing is required, the court must "take as true the sworn allegations of fact set forth in the petition 'unless those allegations are merely conclusory, contradicted by the record, or inherently incredible.'" *Owens*, 483 F.3d at 57 (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002)). Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). The Court can reasonably require a petitioner to supply the Court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

## B. Claims and Analysis

### 1. Claims of ineffective assistance of trial counsel regarding the grand jury witness

Petitioner alleges that trial counsel was ineffective because counsel failed adequately to assert Petitioner's Sixth Amendment right to confront his witnesses.[6] (Motion at 4-8.) As discussed above, each of Petitioner's underlying Confrontation Clause arguments has been adjudicated and decided against him, either on direct appeal or in the Court's decisions on Petitioner's post-judgment motions.

First, the Court found that trial counsel's absence from the grand jury room was appropriate because trial counsel is not permitted in the grand jury room. (Order, ECF No. 320 at 9-10 (citing *Mandujano*, 425 U.S. at 581).)

Second, the Court rejected Petitioner's argument that the indictment was flawed due to a Confrontation Clause violation; the Court concluded that Petitioner may not seek to nullify the indictment after the trial. (*Id.* at 8 (citing *Costello*, 350 U.S. at 359-63).) The Court also rejected Petitioner's claim regarding the indictment on the merits, for the same reason it rejected his argument that he had a Confrontation Clause right to have counsel in the grand jury room. (*Id.*)

Third, the Court rejected Petitioner's argument that his Confrontation Clause rights were violated at trial. (*Id.* at 12-13.) Petitioner contends that trial counsel was deficient for filing a motion in limine, without Petitioner's knowledge or consent, to determine

---

[6] Petitioner also alleges that trial counsel had a conflict of interest and acted in bad faith, but it appears that Petitioner's argument is essentially that he disagreed with counsel's strategy or actions with regard to the grand jury witness. (Motion, ECF No. 287 at 7; Attachment, ECF No. 288 at 4-5.)

whether the grand jury witness would invoke the Fifth Amendment.  (Motion, ECF No. 287 at 6-7; Motion in Limine, ECF No. 71.)

The Court found, as a matter of fact, based on the representations of counsel for both Petitioner and the Government, that the witness would have invoked her Fifth Amendment right to remain silent had she been subpoenaed to testify at trial.[7]  (Order, ECF No. 281 at 11.)   The Court concluded, as a matter of law, that the witness's Fifth Amendment right to remain silent takes precedence over Petitioner's right to compel the testimony.  (*Id.* (citing *United States v. De La Cruz*, 996 F.2d 1307, 1312 (1st Cir. 1993).)  The Court observed that counsel had appropriately recognized in the motion in limine that a procedure to subpoena the witness, and then impeach her with her prior inconsistent statements after she invoked the Fifth Amendment right to remain silent, "would have been of questionable propriety."[8]   (Order, ECF No. 320 at 11-13.)  The Court concluded that because the grand jury witness refused to testify, her prior inconsistent statements would be inadmissible at trial.  (*Id.* at 13.)

---

[7] The Court noted that the grand jury witness "might have been required to testify at [Petitioner's] trial if the Government had granted her immunity from prosecution, but the Government expressly refused to do so.  Whether a person receives prosecutorial immunity rests with the prosecutor, not the Court."  (Order, ECF No. 281 at 11 n.4.)

[8] The Court's reasoning was based on *United States v. Johnson*, 488 F.2d 1206 (1st Cir. 1973), in which the First Circuit held:

> If it appears that a witness intends to claim the [Fifth Amendment] privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand.  Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him.

488 F.2d at 1211.

Because the Court has decided each of the underlying Confrontation Clause issues against Petitioner, the related ineffective assistance claims fail as well. *See Tse*, 290 F.3d at 465.

### 2.   Claim of ineffective assistance of trial counsel regarding evidence of possession of the gun outside the dates alleged in the indictment

Petitioner contends that counsel should have challenged the testimony of some witnesses because they were not in Maine during the two-day period alleged in the indictment, and thus could not have seen Petitioner in possession of the gun on October 23, 2010, or October 24, 2010, which are the dates alleged in the indictment. (Motion at 8.)

Petitioner evidently argues in part that counsel was ineffective for failure to establish a material variance between the indictment and the proof at trial. *See United States v. Vavlitis*, 9 F.3d 206, 210 (1st Cir. 1993) ("A variance occurs when the proof differs from the allegations in the indictment. A variance is material and reversible only if it has affected the defendant's 'substantial rights': to be informed of the charges; and to prevent a second prosecution for the same offense.") (citation and quotation marks omitted). Because the record contains no evidence that Petitioner lacked notice of the charge, or that Petitioner is at risk of a second prosecution for the same offense, there was no material variance.

Furthermore, counsel's cross-examination of the Government's witnesses was not deficient, nor was Petitioner prejudiced by counsel's cross-examination. While the record contained ample evidence that Petitioner possessed the gun during the period alleged in the indictment, counsel nevertheless cross-examined all of the witnesses who testified to

possession.  One witness testified that he had communicated with Petitioner by social media and telephone on October 23, 2010, and that Petitioner told him Petitioner had a gun.  (Trial Tr. I at 19-22, 27.)  Another witness testified that Petitioner told her by text message on October 23, 2010, that he was "packing," which the witness understood to mean that he was carrying a loaded gun.  (Trial Tr. II at 12-14.)  A law enforcement officer testified that during the incident on October 23-24, 2010, he observed Petitioner through a rifle scope equipped for night vision, and he saw Petitioner place an object less than one foot long on a table; the witness testified that he could see that the object was a semi-automatic handgun.  (Trial Tr. II at 27-28, 37-38.)  Counsel cross-examined the officer who testified that he saw Petitioner with the gun; counsel elicited that the officer could not identify the make or model of the gun at the time.[9]  (*Id.* at 38.)

Counsel also cross-examined the witnesses who testified as to whether Petitioner possessed a gun before the period alleged in the indictment.  One witness testified that she observed Petitioner with a gun on or about October 19, 2010, while on a group trip to Maine.  (Trial Tr. I at 37-38.)  Counsel elicited on cross-examination that when the witness first spoke with law enforcement, she did not report that she had seen Petitioner with a gun; rather, she told him months later that she had seen Petitioner with a gun.  (*Id.* at 52.)  Another witness testified that he saw Petitioner with a gun when the witness visited on the

---

[9] In his reply, Petitioner also argues that trial counsel was ineffective because counsel failed to elicit from the law enforcement officer who testified that he saw Petitioner with a gun, that there was a tree in front of the house.  (Reply, ECF No. 316 at 47.)  It appears the argument derives from sentencing counsel's direct examination of the officer at the sentencing hearing; sentencing counsel asked whether the officer was aware of a tree in front of the window he was looking into when he saw Petitioner with a gun.  (Sentencing Tr., ECF No. 245 at 32.)  The officer replied that he did not recall seeing a tree.  (*Id.*)  There is no testimony that the tree blocked the officer's view.  Therefore, Petitioner's argument is without merit.

same group trip.  (*Id.* at 55.)  A third witness testified that she saw Petitioner with a gun on the same group trip to Maine; she testified that Petitioner had a dinner that Petitioner referred to as the "Last Supper" at which Petitioner wore the gun under a white robe.  (*Id.* at 67-68.)  A fourth witness, who was also on the group trip, testified that he was present for the "Last Supper" meal; counsel elicited on cross-examination that the witness did not see any firearms at Petitioner's residence then or at any other time during the trip.  (*Id.* at 79, 82.)  In short, Petitioner has failed to demonstrate prejudice.

The Court's jury instructions also demonstrate Petitioner was not prejudiced by any alleged variance between the indictment and some of the evidence at trial.  The Court made clear to the jury that it was to determine whether Petitioner was guilty of the offense (i.e., on the dates alleged) charged.  (Jury Instructions, ECF No. 251 at 20.)  *See United States v. Cusimano*, 148 F.3d 824, 830 (7th Cir. 1998) (holding that it was unlikely that the jury "convicted the defendants for a crime that fell outside the period alleged in the indictment; the instruction specifically makes reference to 'the alleged conspiracy,' i.e., the conspiracy alleged in the indictment"); *United States v. Sophie*, 900 F.2d 1064, 1078 (7th Cir. 1990) (holding that although some phone records were from dates outside the period alleged in the indictment, the evidence was relevant to the period alleged in the indictment).

### 3. Claim of ineffective assistance of trial counsel and prosecutorial misconduct regarding evidence of the appearance of the gun

Petitioner argues that trial counsel failed to challenge probable cause evidence regarding the appearance of the handgun.  (Motion at 8.)  Petitioner appears to argue that counsel should have challenged the sufficiency of the indictment on that basis.  (*Id.*)

16

Petitioner also alleges that counsel should have challenged the trial evidence regarding the gun because in discovery, the gun was shown with a light attachment, which made the gun appear longer than the six-inch length allegedly attested to at trial by a law enforcement officer. (*Id.*; Attachment, ECF No. 288 at 18.)  Petitioner contends the prosecutor tampered with the evidence by removing the attachment before trial.  (Attachments, ECF Nos. 289-10 at 1.)  Petitioner also alleges that counsel failed to argue that fingerprints were lacking, notwithstanding that a report the Government provided in discovery stated that fingerprints were not found on the gun.  (Motion at 8; Attachment, ECF No. 289-15.)

As discussed above, Petitioner is precluded from challenging the evidence presented to the grand jury in support of indictment.  *See Costello*, 350 U.S. at 359-63.  Petitioner's other claims are unsupported by the trial record.

Contrary to Petitioner's contention, the law enforcement officer who testified that he saw Petitioner with the gun did not testify that the gun was less than six inches long; rather, he testified that the gun was under one foot long.  (Trial Tr. II at 27-28.)  Counsel elicited on cross-examination that the officer could not see the make or model of the gun, and that he saw the gun in Petitioner's hand for only one or two seconds.[10]  (*Id.* at 37-39.)  In closing, counsel argued that the officer's description of the gun could have applied to the Airsoft pistol in evidence, and because possession of the Airsoft pistol is legal, Petitioner must be presumed innocent.  (*Id.* at 124.)  In addition, contrary to Petitioner's

---

[10] The gun was admitted at trial, not through the law enforcement officer's testimony, but rather through the testimony of another witness who had seen Petitioner with the gun.  (Trial Tr. I at 42-43.)  Counsel objected to the admission of the gun on the basis that the Government had failed to present evidence of chain of custody; the Court permitted counsel to conduct voir dire examination, and the Court then admitted the gun in evidence over objection.  (*Id.* at 43-47.)

assertion, counsel did argue in closing that no fingerprints were found on the gun or the ammunition.  (*Id.* at 123.)  The First Circuit held that there was sufficient evidence to support the verdict, and it explicitly rejected Petitioner's argument regarding the lack of fingerprints on the firearm.  *Nobrega*, No. 12-1924 (1st Cir. May 20, 2014).  *See Strickland*, 466 U.S. at 694; *Singleton*, 26 F.3d at 240.  In short, counsel's performance under the circumstances was not substandard.

Petitioner's prosecutorial misconduct claim also fails.  Another officer testified that in the course of executing a search warrant where the incident occurred, he found the Glock under a mattress; it had a laser sight attached to it; and he removed the laser sight to see the serial number of the gun.  (*Id.* at 44-47.)  The record thus lacks any basis for a claim of prosecutorial misconduct regarding the laser sight attachment.

### 4.  Claim of failure of trial counsel to exclude an emergency call trace record

Petitioner alleges ineffective assistance of trial counsel because counsel failed to exclude evidence of an emergency telephone call trace record that states the "caller threatened to shoot passing traffic with a high powered rifle."  (Attachment, ECF No. 288 at 4.)

Counsel filed a motion in limine to exclude the evidence; the fact that the Court did not grant the motion is not a valid basis for a claim of ineffective assistance of counsel.  (Motion in Limine, ECF No. 70 at 1; Order, ECF No. 90 at 3.)  *See Strickland*, 466 U.S. at 699; *Moreno-Espada*, 666 F.3d at 65.  Furthermore, Petitioner was not prejudiced, given that the trace record appears not to have been admitted in evidence at trial, and the First

Circuit determined on appeal that the admitted evidence was sufficient to support the conviction. *Nobrega*, No. 12-1924. *See Strickland*, 466 U.S. at 694.

### 5.   Claim of failure of trial counsel to obtain character witnesses

Petitioner alleges that trial counsel failed to obtain character witnesses suggested by Petitioner.  (Attachment, ECF No. 288 at 20.)  After the Government argued that the claim was vague (Response at 18), Petitioner included the names of two witnesses in his reply (Reply at 46).

Petitioner's claim fails because it is vague; Petitioner does not allege what the character witnesses would have said on behalf of Petitioner, or how counsel's failure to obtain their testimony prejudiced his defense.  *See David*, 134 F.3d at 478.

### 6.   Claim of failure of sentencing counsel to challenge the base offense level

Petitioner alleges that sentencing counsel was ineffective because counsel failed to obtain the testimony at sentencing of the grand jury witness.[11]  (Motion at 11-12.)  He alleges that the witness's testimony would have resulted in a lower base offense level than the level of 26 found by the Court, pursuant to U.S.S.G. 2K2.1(a).[12]

---

[11] Petitioner also alleges that sentencing counsel had a conflict of interest based on communication he had with counsel for the grand jury witness, and based on a professional office-sharing relationship between sentencing counsel and counsel for the grand jury witness.  (Reply at 7.)  There is no record that sentencing counsel and counsel for the grand jury witness have the professional relationship Petitioner alleges. (Sentencing Tr. at 42.)  Counsel for the Government contacted counsel for the grand jury witness.  (*Id.*) Counsel for the grand jury witness told counsel for the Government that the grand jury witness would invoke the witness's Fifth Amendment right and would not testify.  (*Id.*)  In lieu of the grand jury witness's testimony, Petitioner's counsel offered evidence of the witness's prior statements.  (*Id.* at 43-44.)  There is no evidence that sentencing counsel had a conflict of interest.

[12] Petitioner describes the claim as one for ineffective assistance for the failure to object to a sentencing enhancement.  (Motion, ECF No. 287 at 11.)  There were no Chapter Four sentencing enhancements applied or at issue in this case.  (Sentencing Tr., ECF No. 245 at 61.)  Rather, the sentencing enhancement was pursuant to U.S.S.G. § 2K2.1(a), which provides that the base offense level is

While Petitioner's claim focuses on two weapons, the possession of only one is relevant to Petitioner's base offense level under section 2K2.1(a). The Court found Petitioner had possessed illegally a 9mm Glock handgun loaded with 17 rounds of ammunition, including one round in the chamber. (Sentencing Tr. at 53-54.) On that basis, the Court found, pursuant to U.S.S.G. 2K2.1(a)(1)(A)(i), that the offense involved "a semiautomatic firearm [that is] capable of accepting a large capacity magazine." (*Id.* at 54.) The other weapon discussed at sentencing was an M-4 rifle.[13] (*Id.* at 51-53.) Because the only evidence of Petitioner's possession of the M-4 was based on the testimony of the grand jury witness, who had not testified at trial, the Court found, for purposes of sentencing, that Petitioner did not possess the M-4. (*Id.* at 52-53.)

Petitioner apparently contends that had the grand jury witness testified at sentencing, the Court would have rejected her testimony regarding the M-4 weapon. (Motion at 12.) Petitioner's argument fails because the M-4 was irrelevant after the Court found Petitioner did not possess it. Counsel's performance thus was not deficient based on

---

**26** if (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine; or (ii) firearm that is described in 26 U.S.C. § 5845(a); and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

Application Note 2 to U.S.S.G. § 2K2.1 defines a "semiautomatic firearm that is capable of accepting a large capacity magazine" as one that "has the ability to fire many rounds without reloading because at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm."

[13] In the presentence investigation report, the M-4 weapon is described as a Bushmaster Model A3 M-4 rifle.

a failure to obtain the testimony of the grand jury witness regarding the M-4, nor was Petitioner prejudiced by counsel's failure to do so.

Petitioner also argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he is entitled to a jury determination as to whether the gun was capable of accepting a large capacity magazine.  (Attachment, ECF No. 288 at 9-10.)  In *Apprendi*, the Supreme Court "concluded that any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime."  *Alleyne*, 133 S. Ct. at 2160 (quoting *Apprendi*, 530 U.S. at 490 (quotation marks omitted)).

In Petitioner's case, the Court recognized that, absent the statutory maximum of 120 months, the applicable sentencing guidelines range would have been 120 to 150 months; however, the Court found that the guidelines range was restricted by the statute, and it did not impose a sentence above the statutory maximum.  (Sentencing Tr. at 61-62.)  *See* 18 U.S.C. § 924(a)(2); *United States v. Robinson*, 241 F.3d 115, 119 (1st Cir. 2001) ("[T]heoretical exposure to a higher sentence, unaccompanied by the imposition of a sentence that in fact exceeds the otherwise-applicable statutory maximum, is of no consequence.").  In Petitioner's case, the sentencing facts did not increase the penalty range above the statutory maximum, and therefore *Apprendi* does not apply.

Because Petitioner's underlying claim lacks merit, his related ineffective assistance claim fails as well.  *See Tse*, 290 F.3d at 465.

### 7.  Claim of failure to challenge criminal history points at sentencing

Petitioner alleges, among other things, that counsel was ineffective because counsel failed to challenge Petitioner's criminal history because a prior Virginia offense that "had

nothing to do with" the firearms possession offense for which Petitioner was being sentenced.  (Motion at 11.)

The presentence investigation report assigned two criminal history points to a 2004 Virginia conviction for assault and battery on a police officer.[14]  The report notes that Petitioner objected to the points assigned to the Virginia conviction.  The Court found the criminal history to be category VI, which reflects that the Court accepted the criminal history portion of the presentence investigation, including the two points for the Virginia conviction.  (Sentencing Tr. at 11, 61.)

A defendant's prior criminal history need not be related to the offense for which the defendant is sentenced in order to be relevant to the sentencing guidelines range for the offense:

> The Comprehensive Crime Control Act sets forth four purposes of sentencing.  (*See* 18 U.S.C. § 3553(a)(2).)  A defendant's record of past criminal conduct is directly relevant to those purposes.  A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment.  General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each occurrence.  To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered.  Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

U.S.S.G. Ch. Four, Part A, Introductory Commentary.  Part A establishes that a defendant's criminal history is relevant to the determination of the sentencing guidelines range, but the

---

[14] Petitioner did not identify the Virginia offense about which he complains.  There were two Virginia offenses included in the criminal history portion of the presentence investigation report, but the Probation Office did not assign any criminal history points to the second offense, which was a 2004 conviction for driving under the influence.

sentencing guidelines do not reflect that prior crimes, if otherwise subject to criminal history points under the guidelines, must be related as a matter of fact or law to the offense for which the defendant is being sentenced.  Thus, the fact that the prior conviction was unrelated did not preclude its inclusion in the criminal history.

Because Petitioner's underlying claim lacks merit, his related ineffective assistance claim fails as well.  *See Tse*, 290 F.3d at 465.

### 8. Claim of failure to investigate and challenge background facts at sentencing

Petitioner alleges that counsel failed to investigate and challenge certain facts contained in the presentence investigation report: the spelling of his name, his home address, his citizenship, his education, and his military service.  (Motion at 11.)

Petitioner's identity was not at issue, and the failure to contest a misspelling of his name or a misstatement of his home address did not prejudice Petitioner.  As to Petitioner's citizenship, the Court previously concluded:  "Regardless of his citizenship status, while in the United States [Petitioner] was and is subject to its laws, including its criminal laws." (Order, ECF No. 281 at 6.)  Petitioner's allegations regarding his education or military service contain no details and thus are too vague to decide.  *See David*, 134 F.3d at 478.

Because the alleged inaccuracies in Petitioner's personal information have no bearing on the sentence, Petitioner has demonstrated neither deficient performance nor prejudice, and his claim of ineffective assistance fails.  *See Tse*, 290 F.3d at 465.

### III.   CONCLUSION

On all of Petitioner's claims except the claim pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which is stayed pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255, as to all but the stayed *Johnson* claim.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of January, 2017.