UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| DOMINGÓS NÓBREGA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | 1:10-cr-00186-JAW |
| v. | ) | 1:15-cv-00134-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON MOTION TO RECONSIDER ORDER AFFIRMING
RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

A federal prisoner moves the Court to reconsider its order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in light of a new decision from the United States Supreme Court, *Rosales-Mireles v. United States*, 585 U. S. \_\_\_, 138 S. Ct. 1897 (2018). Because the new decision does not apply to the prisoner's circumstances, the Court denies his motion to reconsider.

**I. PROCEDURAL HISTORY**

On May 23 and May 24, 2011, Movant, Domingós Nóbrega, was tried and convicted of being a felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2). *Min. Entry* (ECF Nos. 91, 93). On July 13, 2012, the Court sentenced Mr. Nóbrega to a period of incarceration of 120 months. *J.* (ECF No. 228). Mr. Nóbrega appealed, and the First Circuit affirmed the conviction and sentence on May 20, 2014. *J. of the United States Court of Appeals for the First Circuit* (ECF No. 275).

On April 13, 2015, Mr. Nóbrega filed a motion to vacate, set aside, or correct his sentence. *Mot. Under 28. U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (ECF No. 287). On May 31 and June 6, 2016, Mr. Nóbrega filed a supplemental motion challenging on vagueness grounds the validity of the then-operative sentencing guideline provisions the Court used to calculate his offense level, U.S.S.G. § 2K2.1(a)(2) and § 4B1.2(a)(2), in light of a new case, *Johnson v. United States*, 576 U.S. ___, 137 S. Ct. 886 (2015) (*Johnson II*), which the Supreme Court made effective retroactively. *Mot. for Notice of Applicability of New Retroactive Case, U.S. v. Johnson* (ECF No. 335); *Mot. to Vacate Sentence Enhancement 2K2.1(a)(2) with Priors, by Johnson v. U.S.* (2015) (ECF No. 336).

On June 29, 2016, the Government moved to stay resolution of Mr. Nóbrega's habeas motion pending the outcome of *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886 (2017), a case then before the Supreme Court regarding the impact of *Johnson II*. *Mot. to Stay* (ECF No. 343). On January 30, 2017, the Magistrate Judge issued his Recommended Decision on the issues in Mr. Nóbrega's initial habeas motion. *Recommended Decision on 28 U.S.C. 2255 Mot.* (ECF No. 369). The Magistrate Judge withheld recommendation on the *Johnson II* question pending *Beckles*. *Order Granting Request for Stay* (ECF No. 368).

Mr. Nóbrega filed his objections to the Recommended Decision on February 14 and February 24, 2017. *Mot. Pursuant 28 U.S.C. 636(b)(1)(B), Objs. To Magistrate Judge's Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 373); *Mem. in Response to 2255 Recommendation* (ECF No. 376). Mr. Nóbrega also objected to the

Magistrate Judge's decision to withhold recommendation on *Johnson II*. *Mot. to Obj. to Gov't. Mot. to Stay, Doc 347 & 358 Prejudice Towards Pet'r, Release from a Illegal Sentence* (ECF No. 370). He submitted a series of additional filings on that issue, making further arguments and citing additional cases. *Mot. of Notice to Apply. U.S.S.C. Dimaya v. Lynch* (ECF No. 380); *Letter* (ECF No. 383); *Applying Johnson II 803 F.3d 110, 1120 (9th Cir 2015) to Pet'r's Case as Merit, to Aid in his Resentencing Mots.* (ECF No. 389).

On May 7, 2018, the Court affirmed the Magistrate Judge's recommended decision and denied Mr. Nóbrega's petition and remaining motions. *Order Affirming Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 397). The Court explained that the recent decision from the United States Supreme Court in *Beckles* was unfavorable to Mr. Nóbrega and directly controlled the *Johnson II* issue in his case. *Id.* at 11-13.

On June 28, 2018, Mr. Nóbrega moved the Court to reconsider its decision denying his habeas petition on the *Johnson II* issue in light of another new decision from the United States Supreme Court, *Rosales-Mireles v. United States*, 138 S. Ct. 1897. *Mot. to Reconsider Doc 360-397, Petitioner's Johnson, Johnson II, Dimaya, 4B1.2 & 2K2.1(a)(2) Claim Only Under Rosales-Mireles* (ECF No. 402).

## II. DISCUSSION

On June 26, 2015, the United States Supreme Court decided *Johnson II*. 135 S. Ct. 2551. The Armed Career Criminal Act of 1984 (ACCA) provides for enhanced mandatory minimum penalties for prohibited persons possessing firearms after three previous convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. §

3

924(e)(1). The term "violent felony" is defined in part by the "residual clause" of the ACCA, which refers to a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" *Id.* § 924(e)(2)(B)(ii). In *Johnson II*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. 135 S. Ct. at 2557.

Mr. Nóbrega was not sentenced under the ACCA, but the Probation Office and the Court set his guideline base offense level pursuant to U.S.S.G. § 2K2.1(a)(2), which refers to two prior felony convictions for a "crime of violence." The version of the guidelines in effect at Mr. Nóbrega's sentencing in 2012 defined, "crime of violence," with a "force clause" and its own "residual clause" that matched the ACCA's word-for-word. *See* 2011 U.S.S.G. Manual § 4B1.2(a)(2); U.S.S.G. Amend. 798 (Aug. 1, 2016). In *Beckles*, however, the Supreme Court held that, unlike statutes such as the ACCA, the sentencing guidelines "are not subject to vagueness challenges under the Due Process Clause" because they only inform the judge's broad discretion within a permissible statutory range. 137 S. Ct. at 890, 894. As the Court explained in its order denying Mr. Nobrega's petition, *Beckles* foreclosed Mr. Nóbrega's argument analogizing his case to *Johnson II*.

*Rosales-Mireles* does not change that result. Last month, the Supreme Court clarified that, "in the ordinary case," even when not raised at sentencing and first raised on appeal, a plain error or miscalculation of a guideline sentencing range that affects a defendant's substantial rights will call for a court of appeals to vacate the

4

sentence for recalculation. *Rosales-Mireles*, 138 S. Ct. at 1903, 1911. The case is of no assistance to Mr. Nóbrega for at least two reasons.

First, *Rosales-Mireles* interpreted and applied Federal Rule of Criminal Procedure 52(b), which governs courts' discretion during direct appeals, FED. R. CRIM. P. 52(b), but it is unlikely that the same rule would apply on collateral review, where the scope of review is more limited. See *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal") (internal quotation marks omitted); *United States v. Frady*, 456 U.S. 152, 164 (1982) ("Because it was intended for use on direct appeal, however, the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected . . .").

Second, *Rosales-Mireles* clarifies what should ordinarily occur when there was a plain error in a defendant's guideline calculation, but there was no error in Mr. Nóbrega's guideline calculation. Because *Beckles* clarified that the residual clause of the 2012 version of guideline § 2K2.1(a)(2) was valid, and for the other reasons explained in the Court's denial of Mr. Nóbrega's petition, there was no error and *Rosales-Mireles* does not apply.

### III. CONCLUSION

The Court DENIES Domingós Nóbrega's Motion to Reconsider Doc 360-397, Petitioner's Johnson, Johnson II, Dimaya, 4B1.2 & 2K2.1(a)(2) Claim Only Under Rosales-Mireles (ECF No. 402).

SO ORDERED.

5

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2018