UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DOMINGOS NOBREGA, | ) | |
| a/k/a Shawn Alan Nobrega, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:10-cr-00186-JAW |
| | ) | 1:15-cv-00134-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**<u>ORDER ON MOTION TO CONSTRUE 28 U.S.C. § 2255 MOTION
AS A SECOND OR SUCCESSIVE MOTION/
RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION</u>**

In this action, Petitioner Domingos Nobrega, also known as Shawn Alan Nobrega, has filed a motion for relief from final judgment, pursuant to Fed. R. Civ. P. 60(b). (Motion, ECF No. 406.) Petitioner has also filed a motion to construe the Rule 60(b) motion as an application to proceed with a second or successive 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. (Motion, ECF No. 411.)

Following a review of Petitioner's motions, the Government's response, and the record, I grant Petitioner's motion (ECF No. 411) to construe the Rule 60(b) motion as an application to proceed with a second or successive section 2255 motion. I recommend the Court transfer Petitioner's section 2255 motion (ECF No. 406) to the First Circuit.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial in May 2011, Petitioner was convicted of being a felon in possession of a firearm, pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Judgment,

ECF No. 228 at 1-2; Jury Verdict, ECF No. 98.) The Court sentenced Petitioner to a term of 120 months in prison, the statutory maximum, based in part on the Court's finding that Petitioner's armed standoff with law enforcement posed an extreme risk to both police and the public; the Court imposed a term of three years of supervised release. (Sentencing Tr., ECF No. 245 at 67-68, 118; Judgment at 2-3.) The First Circuit affirmed the conviction and sentence on appeal. (*United States v. Nobrega*, No. 12-1924 (1st Cir. May 20, 2014), *cert. denied*, 135 S. Ct. 139 (2014).)

The pending section 2255 motion (ECF No. 406) is Petitioner's third such motion, but it is the first that is subject to the gatekeeping requirements of section 2255(h). The following is the relevant procedural history of the prior two section 2255 motions:

In 2013, Petitioner filed a motion under Fed. R. Civ. P. 60(b); he later requested that the Court construe the filing as a motion pursuant to 28 U.S.C. § 2255. (Motions, ECF Nos. 259, 262.) The Court granted Petitioner's request to construe the filing as a section 2255 motion. (Order, ECF No. 266.) The Court dismissed the section 2255 motion without prejudice so that Petitioner could file a section 2255 motion after the appeal of the underlying criminal conviction was decided. (Recommended Decision, ECF No. 267 at 3; Order Affirming, ECF No. 270.)

In 2015, Petitioner filed a section 2255 motion (ECF No. 287), which the Court concluded (consistent with its dismissal without prejudice of the prior section 2255 motion) was not subject to the gatekeeping provisions of 28 U.S.C. § 2255(h). (Recommended Decision, ECF No. 369 at 4-5 n.2; Order Affirming, ECF No. 397.) The Court denied the claims set forth in the motion (ECF No. 287), as well as the claims

2

set forth in the following additional pleadings filed by Petitioner: ECF Nos. 335, 336, 380, 389. (Order Affirming, ECF No. 397 at 13.)

Among the claims Petitioner asserted was a claim for relief under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015); the Court stayed Petitioner's *Johnson* claim pending the Supreme Court's decision in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017). (Order granting stay, ECF No. 368; Order affirming recommended decision, ECF No. 397 at 11-13.) Following the decision in *Beckles*, the Court lifted the stay and denied the *Johnson* claim; the Court also denied a certificate of appealability.[1] (Order, ECF No. 397 at 13.)

Petitioner then sought a certificate of appealability from the First Circuit, which noted "[t]he case cannot go forward unless a certificate of appealability issues." (*Nobrega v. United States*, No. 18-1959, Order (1st Cir. Oct. 15, 2018).) The Court also noted that the issue of whether it would grant a certificate of appealability had been submitted for decision. (*Id.*) The First Circuit has not yet ruled on the issue. (First Circuit Docket Record.)

## II. DISCUSSION

As Petitioner acknowledges (ECF No. 411 at 1), the claims set forth in the motion captioned as a Rule 60(b) motion, docketed at ECF No. 406, are in substance section 2255 claims. The Court, therefore, construes the motion captioned as a Rule 60(b) motion as a

---

[1] Petitioner filed a motion to reconsider the denial of his section 2255 motion; the Court denied the motion to reconsider. (Motion, ECF No. 402; Order, ECF No. 403.) The Court also denied Petitioner's motion for a certificate of appealability of the denial of the motion for reconsideration. (Motion, ECF No. 404; Order, ECF No. 405.)

section 2255 motion. The motion is a second or successive section 2255 motion that is subject to the gatekeeping requirements of 28 U.S.C. §§ 2244, 2255(h).

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals no evidence that Petitioner has applied to the First Circuit for permission and obtained permission to file the pending second or successive motion. *See* 28 U.S.C. §§ 2244, 2255.

Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the

4

First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[2]

Because Petitioner's request for a certificate of appealability to permit an appeal from the denial of his prior section 2255 motion is pending (as a separate matter) in the First Circuit, and because some of the issues raised in the pending second or successive section 2255 motion are potentially similar to the issues that would be addressed if the First Circuit were to grant a certificate of appealability of the prior section 2255 decision (including the *Johnson* issue), a transfer of the pending second or successive section 2255 motion to the First Circuit, rather than a dismissal of the motion, is appropriate.

### III. CONCLUSION

Based on the foregoing analysis, I grant Petitioner's motion (ECF No. 411) to construe his motion for relief from a final judgment (ECF No. 406) as a second or successive section 2255 motion. In addition, I recommend the Court transfer the pending

---

[2] Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. If the petition is transferred, the petitioner must file a motion meeting the substantive requirements of Loc. R. 22.1(a) within 45 days of the date of notice from the clerk of the court of appeals that said motion is required. If the motion is not timely filed, the court will enter an order denying authorization for the § 2254 or § 2255 petition.

5

section 2255 motion (ECF No. 406) to the First Circuit, pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e). I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of November, 2018.