UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DOMINGUS NÓBREGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:10-cr-00186-JAW |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING CLAIM FOR DAMAGES**

Domingus[1] Nóbrega's involvement with the federal criminal justice system harkens back to October 26, 2010, when a criminal complaint was filed against him for being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). *Compl.* (ECF No. 1). Mr. Nóbrega has been extraordinarily litigious; there are now 545 docket entries in his felon in possession case. A federal jury convicted Mr. Nóbrega on May 24, 2011 of being a felon in possession, *Jury Verdict* (ECF No. 98), and on July 13, 2012, the Court sentenced him to 120 months of incarceration, three years of supervised release, and a $100 special assessment. *J.* (ECF No. 228). On October 11, 2019, Mr. Nóbrega began his three-year term of supervised release. *See Pet. for Warrant or Summons for Offender under Supervision* at 1 (ECF No. 490). On May 18, 2020, the Government filed a petition for warrant or summons for offender under supervision, alleging that he had violated a condition of federal supervised release by committing several state crimes. *Id.* at 1-2. On September 4, 2020, the Government

---

[1] Having spelled Mr. Nóbrega's name Domingós in countless documents, the Court noticed that Mr. Nóbrega now spells his first name Domingus. The Court has accepted his current spelling.

filed an amended petition for warrant or summons for offender under supervision, updating the alleged violations. *See Am. Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 498) (*Gov't's Pet*).

The resolution of the amended petition was substantially delayed by the COVID-19 pandemic and the resolution of the pending state matters, but on June 29, 2023, Mr. Nóbrega appeared before this Court, conceded that he had committed the violation of the conditions of his supervised release that the Probation Office had alleged, and received a sentence of six months with no further federal supervision. *J.* at 1-2 (ECF No. 539).

On August 18, 2025, Mr. Nóbrega filed a claim for damage, injury or death in this Court. *Claim for Damage, Injury, or Death* (ECF No. 544). The claim form lists the United States District Court (Judge John Woodcock)[2] as the "Appropriate Federal Agency." *Id.* Mr. Nóbrega used Form OMB No. 1105-0008, a claim form under the Federal Tort Claims Act (FTCA), to contend that he had been held by the Bureau of Prisons 148 days longer than he should have been pursuant to this Court's revocation sentence. *Id.* at 1. Mr. Nóbrega is seeking $500 per day for each of the extra 148 days he says he was wrongfully detained. *Id.*

The first question is what this claim form is. The FTCA contemplates two filings: a claim with the appropriate agency and a lawsuit. 28 U.S.C. §§ 2401(b), 2675.

---

[2]   The Court does not know whether Mr. Nóbrega is bringing a claim against this Judge in addition to the United States District Court for the District of Maine or whether he has placed this Judge's name in parentheses to alert the Court as to which judge imposed the sentence. For purposes of ruling on this motion, the Court has assumed that Mr. Nóbrega is not filing a claim against this Judge, which would typically require recusal. *See* 28 U.S.C. § 455(a). As his claim is clearly barred against the United States District Court, this Court has ruled on those issues and dismissed his claim without prejudice.

Mr. Nóbrega filed a claim form against the United States District Court, so it may well be that he is filing a claim under § 2401(b) or he may believe that he is filing an action under the same statute. Either way, Mr. Nóbrega's filing fails to comply with legal requirements and the Court dismisses it.

Assuming the claim form that Mr. Nóbrega filed in this Court is not a lawsuit but a form that is required to be filed with the "appropriate Federal agency" to exhaust his administrative remedies before he files a lawsuit, 28 U.S.C. § 2675(a), Mr. Nóbrega has filed his claim with the sentencing court. The District Court itself is not the appropriate agency to raise such a claim, since the United States District Court is not charged with the proper execution of a federal sentence.

Assuming Mr. Nóbrega believes he is filing a lawsuit, whatever the merits of Mr. Nóbrega's claims, the Court may not address them because he filed a claim against the United States District Court, which is not a proper defendant under the FTCA. The First Circuit has long held that "[t]he United States is the only proper defendant in an action brought under the FTCA." *Janas v. Dep't of Veterans Affairs*, No. 20-30035, 2021 U.S. Dist. LEXIS 249673, at *3 (D. Mass. Feb. 4, 2012) (citing 28 U.S.C. §§ 1346(b); 2679(b)(1), *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006)). Furthermore, he has not fulfilled the agency claim requirement of §§ 2601(a) and 2675 by filing a claim with the appropriate agency before filing his lawsuit.

Finally, on its face, Mr. Nóbrega's claim is time-barred by the two-year statute of limitations in the Federal Tort Claims Act. To bring a FTCA claim, "a claimant must file an Administrative Claim with the appropriate federal agency within two

3

years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency." *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000) (citing 28 U.S.C. §§ 2401(b), 2675). Mr. Nóbrega says that when he was released in June 2023 from the federal holding facility, he was told that he had been held 148 days over his time. Mr. Nóbrega's claim accrued no later than June 2023, and he filed his claim on August 18, 2025, more than two years after the claim accrued. The two-year statute of limitations is jurisdictional. *Gonzalez v. United States*, 284 F.3d 281, 287 (1st Cir. 2002). Therefore, his claim is time-barred.

The Court DISMISSES Domingus Nóbrega's Claim for Damage, Injury, or Death without prejudice (ECF No. 544).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2025